IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01212-BNB

ROBERT L. SAMPLE,

 Plaintiff,

v.

JERRY WHITMAN, Chief of Denver Police Department,
DAMON BOWSER, Denver Police Officer, and
JOSEPH VASQUEZ, JR.,

 Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 1 8 2007

GREGORY C. LANGHAM
      CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

 Plaintiff, Robert L. Sample, currently is confined at the Denver County, Colorado, jail. He initiated this action by filing *pro se* a civil rights complaint pursuant to 42 U.S.C. § 1983 (2006) and 28 U.S.C. § 1343(a)(3) (1993), alleging that the defendants violated his rights under the United States Constitution. He seeks money damages and declaratory relief. Mr. Sample has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 without payment of an initial partial filing fee.

 The Court must construe the complaint liberally because Mr. Sample is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. Under 42 U.S.C. § 1983, a plaintiff must allege that the defendants violated his rights under the Constitution and laws of the United States while they acted under color of state law. *Adickes v. S. H. Kress &*

*Co.*, 398 U.S. 144, 150 (1970). For the reasons stated below, Mr. Sample will be directed to file an amended complaint.

Mr. Sample alleges that on February 11, 2007, apparently in the course of an arrest, he was subjected to excessive force by the defendant police officers Damon Bowser and Joseph Vasquez, Jr. He further alleges that as a result of the excessive force he was injured and required hospitalization from February 11 to 27, 2007, for his injuries.

Mr. Sample must allege each defendant's personal participation in the alleged acts of excessive force. Personal participation by the named defendants is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976) *Id.* Mr. Sample must show that each defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as Denver Chief of Police Jerry Whitman, may not be held liable merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983).

The amended complaint Mr. Sample will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. **See Monument**

***Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas***, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. See ***TV Communications Network, Inc. v. ESPN, Inc.***, 767 F. Supp. 1062, 1069 (D. Colo. 1991), ***aff'd***, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

In order for Mr. Sample "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, — F.3d —, 2007 WL 1895877 at *3 (10th Cir. July 3, 2007). Accordingly, it is

ORDERED that Mr. Sample file **within thirty (30) days from the date of this order** an original and a copy of an amended complaint that complies with the directives in this order. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District

Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Sample, together with a copy of this order, two copies of the following form for use in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Sample submit sufficient copies of the amended complaint to serve each named defendant. It is

FURTHER ORDERED that, if Mr. Sample fails to file an original and sufficient copies of an amended complaint that complies with this order to the Court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED July 18, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01212-BNB

Robert L. Sample
Prisoner No. 1527438
Denver County Jail
PO Box 1108
Denver, CO 80201

   I hereby certify that I have mailed a copy of the **ORDER** and two copies of **Prisoner Complaint** to the above-named individuals on 7/18/07

GREGORY C. LANGHAM, CLERK

By: _____
         Deputy Clerk